# DANIEL WINK
## v.
# HENRY WEILER.

*Master and Servant—Trespass on the Case—Imperfect Appliance—Personal Injuries to Servant after Business Hours.*

1. Where a person knowingly makes use of an appliance furnished by another, containing obvious and patent defects, he can not recover for injuries caused by such defects, except in certain instances which are exceptions to the rule, as where a servant has been induced by his master to believe that the defects would be in a short time repaired.

2. The relation of master and servant ceases after the business hours of a given day have passed, the servant not working over time, and such servant injured while alighting from his master's wagon through an alleged defect therein, he having been driven, for his own accommodation, after hours, by a fellow servant, to a point near his home, has no better claim for damages against his master than a stranger would have under similar circumstances.

[Opinion filed July 30, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

This was an action of trespass on the case, in which the plaintiff, among other things, alleged that being in the employment of the defendant, he was ordered by him to go upon a wagon to put up certain goods, being delivered by the defendant to his customers, namely, certain stoves which the defendant had sold, and that it was the duty of the defendant to furnish for the use of the plaintiff in said service, a safe and sufficient wagon; that the wagon furnished by the defendant was broken and dangerous on the shaft thereof, and on the step by which any person could get on or off the said wagon, and was known to the defendant to be broken and unsafe, and that as he, the said plaintiff, in the due course of his employment on that occasion by the defendant, was, in the exercise of due care and caution on his part, getting off the

Wink v. Weiler.

said wagon, as it was necessary for him to do, he placed his
foot on the said broken step, which was the ordinary and
proper place for him to use, its insecure and dangerous con-
dition being then unknown to him; that the said step broke
and gave way and he, the plaintiff, was precipitated to the
ground and greatly hurt, to his damage of $6,000.

Upon the trial it appeared that the plaintiff, having gone
upon the wagon to the place where the stoves were to be
delivered, and they having been taken into the house, as they
could not then be put up, and as it was past six o'clock, the
hour for quitting work, plaintiff, with the other employe of
defendant, got upon the wagon to return; that instead of
driving back to the store, plaintiff requested the driver of the
wagon to take him around nearer to his home, and that in
obedience to plaintiff's request, the driver went out of his
way, taking the plaintiff along Wallace street until they came
to a crossing, where plaintiff asked the driver to stop and let
him get out. The driver did so, and it was in getting out at
that place, and under such circumstances that the plaintiff was
injured, the step or shaft giving way as he placed his foot
upon it, and he thereby falling upon the ground.

Plaintiff, it appeared, was lame before the accident, and the
driver of the wagon testifies that he cautioned the plaintiff
to be careful when he got out of the wagon; also that he
suggested that they drive back to the store and let the plaint-
iff get off on the platform there. The plaintiff denied being
so cautioned.

The wagon, as was known to the defendant, was broken,
that is, the shaft upon one side was broken before it started
out that day, and an attempt to temporarily repair the same
had been made by winding wire around the broken place.
There was evidence that the plaintiff knew of this break, and
assisted in placing the wire. The plaintiff denied having such
knowledge, or rendering any such assistance.

Messrs. BURKE, HOLLETT & TINSMAN, for appellant.
The verdict is against the weight of the evidence.
The declaration alleges that appellee was ignorant of the

defective condition of the shaft and step of the wagon in question, thus admitting the importance of this point. The evidence, by a clear preponderance, shows that he well knew all about it. Appellee himself is forced to admit that he was present while they were repairing the shaft, thus showing that he knew it was broken. Mr. Wink and Mr. Immel both swear that Weiler helped, himself, repair the shaft. If appellee *knew* the step was broken he can not recover. Priestly v. Fowler, 3 M. & W. 1; The Jenney Electric Light & Power Co. v. Murphy, 115 Ind. 566; McGlynn v. Brodie, 31 Cal. 376; Griffiths v. Gidlow, 3 H. & N. 648; St. Louis & S. E. Ry. Co. v. Britz, 72 Ill. 256; C., R. I. & P. Ry. Co. v. Clark, 11 Ill. App. 104; St. Louis Bolt & Iron Co. v. Brennan, 20 Ill. App. 555.

It may be urged by appellee that he was coerced into using this wagon; that he was obliged to go or lose his job. There is nothing in the evidence to sustain this, but even if there were, it has been held in a strong case that danger of losing a job does not constitute coercion. Sweeney v. Berlin & Jones Envelope Co., 101 N. Y. 520.

The court gave improper instructions to the jury.

The first instruction given is faulty, and manifestly tended to mislead the jury, because it assumes that appellee was in the exercise of due care. It requires the jury to believe from the evidence that appellant was guilty of negligence, but it does not require them to "believe from the evidence" that appellee was in the exercise of due care. The latter is assumed. Furthermore, the instruction is faulty in that nothing is therein said about knowledge of the defect on the part of appellee. An instruction which ignores the question of knowledge of defect on the part of plaintiff, is erroneous. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

Appellee might have been in the exercise of due care, "as defined in these instructions," and still not be entitled to recover. "Due care" is not defined in the instructions, but "ordinary care" is defined in appellant's third instruction to be, "such care as a person of ordinary prudence and skill would usually exercise under the same or similar circumstances."

The instruction, as given, undoubtedly led the jury to think that if appellee was careful in using that step, whether he knew it to be broken or not, appellant would be liable; whereas, we understand the law to be that if appellee knew it was broken, the very fact of using it would negative the allegation of due care on his part. In this particular case such an omission is too important to be overlooked. Again, appellant might be guilty of negligence "as charged in the declaration," and yet not be liable in this case. As was said in Pa. Co. v. Lynch, 90 Ill. 333:

"A recovery, based on this evidence, would seem to be rewarding a party for his own negligence rather than compensating him for loss sustained by reason of the negligence of another." Nor is this instruction cured by others. It is not sufficient that part of the instructions contain a correct exposition of the law, if it is incorrectly announced in others. C., B. & Q. R. R. Co. v. Payne, 49 Ill. 499; Morris v. Gleason, 1 Ill. App. 510, and cases there cited.

The second instruction assumes that it was necessary for appellee to make use of that particular step in getting on and off said wagon, "in doing the ordinary business required of him." There is not a word of evidence in support of this position. Appellee might have gotten on and off the wagon from the other side, as well as from this side. There is no pretense whatever that the other side was in anywise defective. The instruction also assumes that it was necessary for appellee to use this wagon, whereas the evidence clearly shows that it was optional with him whether he rode or walked. Having chosen to ride, and having chosen to make use of the shaft, which he knew to be broken, rather than the unbroken shaft, he assumed the risk. An instruction which assumes a fact, unsupported by testimony, is erroneous. C. & A. R. R. Co. v. Bragonier, 119 Ill. 51.

The instruction is also faulty in the use of the word "unsafe." The word itself is not a proper word to use in an instruction, for the reason that its meaning is uncertain, and it leaves the instruction open to the objection of argumentativeness. The instruction assumes that the step was "unsafe." There is no

evidence to justify such an instruction. The use of the word "unsafe" in that connection, implies that it was appellant's duty to make it absolutely safe. This is not the law. An employer is not required to furnish absolutely safe machinery. Camp Point Mfg. Co. v. Ballou, *supra*, and other cases cited, *supra*.

The third instruction is totally bad. It is either entirely without meaning or else it is very misleading. If we take it as a general proposition of law, independent of this case, it means nothing.

Mr. EDGAR L. JAYNE, for appellee.

The evidence fully justifies the findings, and the instructions as given properly state the law.

Weiler was commanded by Wink to do work outside of his employment, Wink knowing at the time of Weiler's previous injury that the wagon step was not reasonably safe. This rendered the work which Weiler was commanded to do, extra hazardous.

The injury was caused by the misconduct of Wink, bringing this case directly within the decision of the Supreme Court in the case of Lalor v. C., B. & Q. R. R. Co., 52 Ill. 401.

Aside from the pointed decision above referred to, Weiler is entitled to recover for this injury resulting from exposure by express command of his employer, to a risk not contemplated by the terms of his employment, as stated in United States Rolling Stock Co. v. Wilder, 116 Ill. 100; Perry v. Ricketts, 55 Ill. 234.

To allow the use of this wagon step in its then condition was gross negligence on the part of Wink, and he is liable to Weiler for the injury occasioned to him by its use while carrying out his commands in his service, in the manner shown by the evidence.

WATERMAN, J. The plaintiff, when injured, was not in the employment of the defendant. His day's work had ceased, his time was his own, and he was going home. It might, perhaps, be contended that the defendant having sent the plaintiff out to work, was under an obligation to bring him

Wink v. Weiler.

back to the store from which he went, but he was under no obligation to take him to his home, especially to send his wagon out of its way in order to carry the plaintiff to his home, or nearer thereto than he would have come in going directly to the store. Plaintiff rode to the place at which he was injured, and got off at the place where he alighted, solely for his own accommodation, and it was not the duty of the defendant to furnish him with a safe and sufficient wagon for the purpose of being carried to such spot. At the time of the injury the relations of the plaintiff and the defendant were such that the defendant owed to him no duty other than that which he was under to any stranger who, by his permission, had been allowed to ride upon his wagon. If the plaintiff instead of being injured by a defect in the wagon, had at this spot been run over in consequence of the negligent conduct of another of defendant's employes, although such employe was a fellow-servant of the plaintiff, within the meaning of the rule exempting employers from liability for injury caused by the acts of fellow-servants, yet the defendant would have been liable, because at the time of the injury the relation of master and servant for the time being, that is, for that day, had ceased. Wood on Master and Servant, Sec. 404; Packet Co. v. McCue, 17 Wall. 508–514; Washburne v. Nashville R. R., 40 Tenn. 638.

So in the present case, the relation of master and servant having ceased for the day, the duty of the defendant charged in the declaration, no longer existed. Wright v. Rawson, 42 Iowa, 329; Belford v. Canada Shipping Co., 35 Hun, 347; Sinclair v. Berndt, 87 Ill. 174; Baird v. Pettit, 70 Penn. St. 477.

The court, at the request of the plaintiff, gave to the jury the two following instructions:

" If the jury believe from the evidence that the defendant knew, or by the exercise of reasonable care could have known, that the step of the wagon in question was not reasonably safe for the plaintiff to get on and off of said wagon in doing the ordinary business required of him, and if the jury further believe from the evidence that the defendant undertook to fix

or repair said step but did it in such a poor and unworkmanlike manner as to still leave it unsafe for plaintiff to get on and off of said wagon, and that thereby the plaintiff was injured while he himself was exercising all due care and caution as defined in these instructions, then the jury are instructed that the defendant is liable for such injury, if any, as they believe from the evidence the plaintiff has sustained by reason of such defective step. Provided you shall further find from the evidence that the plaintiff did not, at the time of the injury, know the real condition of said step."

" The court instructs the jury that if they believe from the evidence in this case that the plaintiff, Henry Weiler, at and before the time he went upon said wagon on the day of the accident in question, had personal knowledge that the shaft and step of said wagon were defective, broken and unsafe, and that the plaintiff made use of such defective shaft in attempting to alight from said wagon, knowing it to be defective, broken and unsafe at the time, then the jury should consider such fact in determining whether the plaintiff was in the exercise of due or ordinary care at the time of the injury."

In the first of these instructions no reference is made to the question of whether, at the time of the injury, the plaintiff was in the service of the defendant. The instruction assumes that the defendant owed to the plaintiff a duty, namely, the exercise of reasonable care to see that the step of the wagon was reasonably safe for the plaintiff to use. Such duty depended entirely upon the plaintiff's being, at the time he was injured, in the service of the defendant. In omitting to add such a qualification, the instruction was erroneous. The defendant had asked the court to instruct the jury, in effect, that if the plaintiff made use of the wagon knowing that it was broken and defective, he could not recover. Instead of this, the court instructed the jury that if the plaintiff used the defective shaft in attempting to alight from the wagon, knowing it to be defective, broken and unsafe at the time, then the jury should consider such fact in determining whether the plaintiff exercised due or ordinary care. Such is not the rule.

Where a person knowingly makes use of an appliance fur-

nished by another, containing obvious and patent defects, he can not recover for injuries caused by such obvious defects, except in certain instances which are exceptions to the rule, as where a servant has been induced by the master to believe that the defects would be in a short time repaired. Wood on Master and Servant, Sec. 335; Seymour v. Maddox, 16 Q. B. 332; Ryan v. Fowler, 24 N. Y. 410.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*