CHARLES A. DICKINSON *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk. December 6, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

A motorman in the employ of a street railway company going home to dinner after his morning's work, riding free on the front platform of a car of the company under a rule that permits employees of the company in uniform to do so, is a passenger and not a fellow servant of the motorman operating the car.

TORT, for personal injuries sustained by the plaintiff through the negligence of the defendant's servants. The plaintiff died after the action was brought, and his administratrix was permitted to prosecute the action. Writ dated February 18, 1898.

At the trial in the Superior Court, before *Richardson*, J., the

plaintiff's administratrix introduced evidence tending to show that on January 28, 1897, between twelve o'clock at noon and one o'clock P. M., the plaintiff was standing on the front platform of a car running from Roxbury Crossing to Jamaica Plain, and that while running " pretty fast" over a switch the car left the track and collided with a coal team, coming in the opposite direction on the other track, breaking the pole of the team and doing other damage to it ; that the key was not in the switch, and that taking the switch, which was turned the wrong way, caused the car to leave the tracks; that there were other persons standing on the front platform with the plaintiff, and that by reason of the sudden collision one of these other persons was thrown against him, and he was thrown off the platform to the ground, striking on his shoulder, and was injured; that on the day on which the accident occurred the plaintiff was in the employ of the defendant as a motorman, and was running a Brookline car ; that his work consisted of a certain number of trips at fixed and regular times each day ; at the time of the accident he was not on actual duty, but at about noon had finished his work of that morning, got on the first car that came along and was going home to dinner ; that he took no part in the management of this car ; that he usually had about three hours, between twelve and three o'clock, during which he was not on actual duty, and his time was his own, and he usually returned home about noon to dinner ; that he was riding at the time of the accident on the front platform, under the rule of the defendant company permitting policemen, firemen, advertising agents, news agents, and employees of the defendant company in uniform to ride free at any time, such persons being required to ride upon the front platform so far as practicable; that he had on his uniform as motorman at the time he was injured ; that he arrived home between one and two o'clock on the day of the accident; and that he sustained injuries in consequence of which he afterwards died.

At the conclusion of the evidence for the plaintiff's administratrix the judge ruled, that the plaintiff was not a passenger, and being injured by the negligence of a fellow servant could not recover, and directed a verdict for the defendant. The plaintiff's administratrix alleged exceptions.

*H. M. Hutchings & J. H. Beale, Jr.,* (*W. D.. Turner* with them,) for the plaintiff.

*P. H. Cooney,* (*A. I. Peckham* with him,) for the defendant.

KNOWLTON, J. The question in this case is whether the plaintiff was on the defendant's car as a passenger at the time of the accident, or whether he was at that moment in the service of the defendant, in such a sense that the negligent motorman was his fellow servant.

The defendant had made a rule, " permitting policemen, firemen, advertising agents, news agents and employees of the defendant company in uniform to ride free at any time, such persons being required to ride upon the front platform so far as practicable." At the time of the accident the plaintiff was riding on the front platform under this rule, wearing his uniform. Persons riding gratuitously under this rule are passengers, as well as those who pay their fare. *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 18. *Doyle* v. *Fitchburg Railroad,* 162 Mass. 66. *Steamboat New World* v. *King,* 16 How. 469. *State* v. *Western Maryland Railroad,* 63 Md. 433. All members of the classes included in the rule stand alike in reference to the duty of care which the defendant owes them, whether they come within one part of the description or another. The rule in reference to employees permits them to ride at any time and place, and for any purpose, if they are in uniform. The reasons in each case for extending this privilege to members of these different classes are not material. Probably they are different in reference to different classes, but they are such as the defendant deems sufficient. So far as employees are concerned, it is enough that, except possibly in regard to wearing uniform, they are given the same rights as others who have no direct connection with the defendant by employment or otherwise.

The question then is, whether at the time of the accident the plaintiff was riding in the full exercise of the rights given by this rule, or whether he was on the car in the performance of his duties as a servant of the defendant, so as to make him at that moment a fellow servant of the motorman. The bill of exceptions answers this question in its statement as follows : his work for the defendant " consisted of a certain number of trips at fixed and regular times each day; at the

time of the accident, he was not on actual duty, but at about noon had finished his work of that morning, got on the first car that came along and was going home to dinner; that he took no part in the management of this car; that he usually had about three hours, between twelve .and three o'clock, during which he was not on actual duty, and his time was his own; and he usually returned home about noon to dinner." The car on which he was riding was not on the line on which he was employed.

At the time of the accident he did not stand in the relation of a servant to the defendant. His time was his own, and he owed the defendant no duties until the time arrived for resuming his work. It was no part of his duty to the defendant, as a servant, to take the car on which he was riding and go to a particular place for his dinner. He might go where he pleased and when he pleased during the interval before coming back to his work. This case is different in this particular from cases in which the plaintiff was riding in the line of his duty in the course of his employment. *Gillshannon* v. *Stony Brook Railroad*, 10 Cush. 228. *O'Brien* v. *Boston & Albany Railroad*, 138 Mass. 387. *McGuirk* v. *Shattuck*, 160 Mass. 45. *Manville* v. *Cleveland & Toledo Railroad*, 11 Ohio St. 417. *McNulty* v. *Pennsylvania Railroad*, 182 Penn. St. 479. His rights were the same as if, after finishing his day's service, he had taken a car in the evening to visit a friend, or to do any business of his own. The fact that he had. been in the defendant's service during the day would not make him a fellow servant with the motorman while riding in the evening under the rule, any more than if he had been a policeman or a newsdealer. The case comes within the decision in *Doyle* v. *Fitchburg Railroad*, 162 Mass. 66. For other cases of similar purport see *Baltimore & Ohio Railroad* v. *State*, 33 Md. 542; *State* v. *Western Maryland Railroad*, 63 Md. 433; *Baird* v. *Pettit*, 70 Penn. St. 477, 483; *McNulty* v. *Pennsylvania Railroad*, 182 Penn. St. 479; *Packet Co.* v. *McCue*, 17 Wall. 508; *Morier* v. *St. Paul, Minneapolis, & Manitoba Railway*, 31 Minn. 351; *Manville* v. *Cleveland & Toledo Railroad*, 11 Ohio St. 417.

*Exceptions sustained.*