CHARLES B. WHITTLESEY, ADMINISTRATOR, *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Second Judicial District, Norwich, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Solely through the neglect of the foreman of a railroad section gang to protect by signal flags the hand car upon which he and his men were riding to their work, a collision occurred with a belated freight train in which the plaintiff's intestate, one of said section men, was killed. *Held* that the foreman and decedent were fellow-servants, and that the railroad company having furnished suitable signal flags for the protection of the hand car, under the circumstances detailed, was not responsible for the foreman's neglect to use them.

The duty of causing a flag to be sent ahead to signal approaching trains while the hand car was proceeding along the track, was not one which the railroad company was required to perform as principal or master, but one which rested upon the foreman merely as a fellow-servant with the other members of his gang.

Argued April 27th—decided July 1st, 1904.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, brought to the Superior Court in New London County and heard in damages to the court, *George W. Wheeler, J.;* judgment for nominal damages only, and appeal by the plaintiff. *No error.*

*Charles B. Whittlesey,* for the appellant (plaintiff).

*Walter C. Noyes,* for the appellee (defendant).

HALL, J. The plaintiff's intestate, Sylvester Sullivan, was employed by the defendant as a section hand in a gang of laborers, one of whom was a foreman, stationed on the line of defendant's railroad and engaged in keeping the roadbed in repair. The foreman of the gang, one Dwyer, worked with the other laborers of the gang, kept their time, and, in the absence of the roadmaster, directed their work, but had no power to hire or discharge them except in emergencies.

The roadmaster had the direction and supervision of the work done by section gangs in his division, and reported to the superintendent, who reported to the general officers of the company. It was the duty of the gang to report every morning, at the station where the tools were, and where a hand car was kept for the use of the gang to transport themselves and their tools when their work was distant from the station, and the men thereafter became subject to the orders of their foreman, who directed when and how the hand car should be used, and, when upon it, directed how it should be operated. The train dispatcher did not control the running of hand cars.

On the morning in question, while Sullivan and the other section hands were riding upon the hand car with the foreman at the latter's order, and moving west toward the point on the road where they were to work that day, the hand car was struck by a freight train which came around a curve running in an opposite direction, and which, unknown to Dwyer, was that morning about twenty minutes behind its usual time of passing that point. The occupants of the car, upon seeing that a collision would occur, made every reasonable effort to escape injury, but Sullivan fell and was run over by the freight train and killed.

The court finds that reasonable care required that when a hand car was running upon the track a man should be sent ahead with a flag to signal trains; that the car, which was a suitable one, was properly provided with flags for that purpose, and that the collision was caused by the negligence of Dwyer, who was a competent foreman, in not so protecting the hand car.

The argument of the plaintiff's brief seems to be that in sending out the hand car Dwyer was performing a duty similar to those of a train dispatcher, and therefore one which the company owed to its employees, as was held in *Darrigan* v. *New York & N. E. R. Co.*, 52 Conn. 285, and that the defendant is consequently liable to the plaintiff for the negligence of Dwyer in ordering the hand car started while the freight train was approaching from the opposite direction on

the same track; or is liable because of its negligent failure to adopt proper rules as to when hand cars might be run upon its tracks.

This argument overlooks the fact that no such negligence is charged in the complaint. In his pleadings the plaintiff finds no fault with the rules of the company, nor with the act of Dwyer in ordering the hand car to be started under the circumstances. The failure of the defendant " to protect said hand car while running on said track from all other trains by flags or other signals" is the only breach of duty alleged, and the only alleged cause of the accident. The only question, therefore, for our consideration is whether the duty of causing a flag to be sent ahead to signal approaching trains, while the hand car was proceeding along the track, was one of those duties which the defendant company was required to perform as a master or principal, or one which rested upon Dwyer merely as a fellow-servant with Sullivan; and this question is to be determined rather by the nature of the neglected duty than by the comparative rank of the negligent servant and the person injured.

At the time of the collision these section hands, including Sullivan and Dwyer, were engaged in the work of keeping a portion of the defendant's roadbed in repair. One of their duties in connection with this work was to transport themselves and their tools, by a hand car, to the point where such repairs were to be made. This part of their work was necessarily rendered somewhat hazardous by the danger of injury from approaching trains. To perform it with reasonable safety required a signal flag to be sent ahead of the hand car. It was the duty of the railroad company to exercise reasonable care to provide these men with suitable means and appliances for so signalling approaching trains. Having performed that duty, nothing further was required of the defendant in order to render the place where the men were working reasonably safe. It then became the duty of the men to use the means provided for the safe and proper performance of their work. The act of carrying forward a signal flag was one which the men were competent to perform,

and it was the duty of Dwyer to order it to be done, just as it was his duty to direct the performance of other details of the work in which they were all engaged.

The defendant provided a suitable hand car, properly equipped with signal flags, and a sufficient number of competent men for the proper performance of the work. Having done this it was not required to see that the flag was used when necessary. That was a duty of the servants, the negligent failure of Dwyer to perform which was the negligence of a fellow-servant of Sullivan, for the consequences of which the defendant is not liable. *Kelly* v. *New Haven Steamboat Co.*, 74 Conn. 343, 347 ; *Sullivan* v. *New York, N. H. & H. R. Co.*, 62 id. 209, 215 ; *McQueeney* v. *Norcross*, 75 id. 381, 387.

In directing a judgment for nominal damages in the case of *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 194, this court virtually sustained the decision of the Superior Court, that the failure of the defendant's brakeman on a freight train to go back the required distance to flag an approaching special train, by which a collision was caused and an employee of defendant on the special train killed, was the negligence of a fellow-servant of the injured person, for which the railroad company was not liable.

In *Northern Pacific R. Co.* v. *Peterson,* 162 U. S. 346, and in *Clifford* v. *Old Colony R. Co.*, 141 Mass. 564, it was held that the foreman of a section gang on a railroad, by whose negligence in the management of a hand car one of the section hands upon it was injured in a collision, was a fellow-workman with the injured person, for whose negligent act the company was not liable.

There is no error.

In this opinion the other judges concurred.