WILLIAM PIGEON *vs.* J. WARREN LANE ET ALS.

First Judicial District, Hartford, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

It is reversible error to direct a verdict for one party, if a verdict for the other would have been legally sustainable upon the evidence before the jury.

In determining whether the so-called "fellow-servant rule" is applicable to the case of one who is injured while riding to or from his work in his employer's vehicle, a fair test is whether it can rightly

be said that the employer in furnishing the transportation and the employee in using it were engaged in performing one of the express or implied duties of the employment; and the answer to this question must necessarily depend largely upon the particular circumstances of each case.

The tendency in nearly all jurisdictions is to limit rather than to enlarge the scope of the defense of common employment.

In the present case the complaint alleged that on a certain day the plaintiff was employed by the defendants, who were engaged in preparing tobacco for market; that they sent their sleigh to an adjoining town to bring the plaintiff and other of their employees to their warehouse; that their driver and agent offered and undertook to convey the plaintiff to the warehouse, and that the plaintiff accepted the offer and boarded the sleigh; that the driver negligently overloaded the sleigh, and carelessly, negligently and improperly drove it against a bridge whereby the plaintiff's leg was crushed so that it had to be amputated. *Held* that these allegations did not estop or prevent the plaintiff from proving that although admittedly on his way to work at the time of his injury, he did not then stand in the relation of a servant to the defendants, but was upon their sleigh as a mere licensee.

A licensee can recover only for the active negligence of the licensor; but under an allegation that the personal injury to the licensee was caused by the licensor's careless, negligent and improper driving, evidence of active negligence is admissible.

Argued October 1st—decided October 22d, 1907.

ACTION to recover damages for personal injuries alleged to have been caused by the defendants' negligence, brought to the Superior Court in Hartford County and tried to the jury before *George W. Wheeler, J.;* pursuant to the direction of the trial court the jury returned a verdict for the defendants, and from the judgment thereon the plaintiff appealed. *Error and new trial ordered.*

The substituted complaint contains these allegations: On or about the 14th day of January, 1905, the plaintiff, a minor of the age of fourteen years, was employed by the defendants, who were engaged in growing, preparing and marketing tobacco in the town of Granby, in said Hartford county. On said day, the defendants sent their driver, one Charles Rinski, in charge of a certain sleigh to go from their warehouse in the town of Granby to the village of Tariffville in order to convey the plaintiff and other

of their employees from said village of Tariffville to the said warehouse. The defendants placed in charge of said sleigh one Charles Rinski, as their agent and the driver thereof. On said day the defendants, by their agent, the said Rinski, offered and undertook to convey the plaintiff in said sleigh from said Tariffville to said warehouse, and the plaintiff accepted said offer and entered said conveyance. Said Rinski, as the agent of the defendants, then and there negligently, carelessly and improperly overloaded said conveyance by accepting more passengers than could ride with safety thereon, and allowing the same to remain thereon during the drive. Said driver carelessly, negligently and improperly drove said conveyance, containing the plaintiff with other employees of the defendants, along the public highway in said Tariffville in such a manner that the said sleigh violently collided with the bridge across the Farmington River, near the said village, and in said collision crushed the left leg of the plaintiff rendering it necessary to amputate it. Said injury to the plaintiff was caused by said negligent overloading as aforesaid, and by said negligent, careless and improper driving of said conveyance, all of which was done by the defendants through their agent and driver, the said Rinski. No act or conduct of the plaintiff contributed to cause the injury.

Upon the trial the court instructed the jury, in substance and effect, that the plaintiff, whether he was there by a right arising from his contract of employment, or as a privilege of his employment, or by license, permission or invitation of the defendants, was, while on the sleigh, a servant of the defendants and a fellow-servant of Rinski; that although the jury should find that the injury complained of was caused by Rinski's negligence, and without any contributory negligence of the plaintiff, the latter could not recover, because Rinski's negligence was one of the risks assumed by the plaintiff when he entered the defendants' employment; and that upon the evidence presented there was no verdict possible in law for the

plaintiff. The court thereupon directed the jury to render a verdict for the defendants.

*J. Gilbert Calhoun* and *Stewart N. Dunning*, for the appellant (plaintiff).

*Edward M. Day*, for the appellees (defendants).

HALL, J.   The action of the court in directing a verdict for the defendants must be held to have been erroneous, if it appears from the record that upon the evidence before them the jury might properly have found facts which would have sustained a verdict for the plaintiff.

We have not the evidence before us, but only statements in the finding of certain uncontested facts, and of other controverted questions of fact.   Among the latter are the questions of the alleged negligence of Rinski and of the contributory negligence of the plaintiff, both of which the court in its charge and direction to the jury assumed might, upon the evidence, have been found by them in favor of the plaintiff.

Whether the plaintiff was estopped by the averments of his complaint from proving or claiming that the relation between the defendants and plaintiff at the time of the injury was that of licensor and licensee and not that of employer and employee, and whether the negligence alleged in the complaint was such as could render the defendants liable as licensors, are questions which were not passed upon by the trial court.   Indeed, the action of the trial court in taking the case from the jury was based entirely upon the court's conclusion that the defendants were relieved from liability by the fellow-servant law, however any disputed question of fact in the case might be decided by the jury.

That the plaintiff's injury was caused by the negligence of the defendants as licensors and not as employers, is not so inconsistent with or variant from the allegations of the complaint as to estop or prevent the plaintiff from proving

that fact. While it is true that the complaint alleges that the plaintiff was an employee of the defendants, it does not aver that it was a part of the contract of employment that the defendants should carry him from Tariffville to Granby, or that while he was upon the sleigh either he or the defendants were engaged in the performance of any of the duties of such employment; and a separate paragraph of the complaint alleges that the defendants offered and undertook to carry the plaintiff and that he accepted the offer.

Although, if the plaintiff was injured while riding upon the sleigh as a mere licensee, the defendants could be held liable only for their active negligence in causing the injury—which would include their own or their servant Rinski's negligent acts by which the danger of riding upon the conveyance was increased, or a new danger created, while the plaintiff was riding under such license (*Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 538, 34 Atl. 491),—the allegation that the injury was caused by the careless, negligent and improper driving of the conveyance by the defendants' servant, in such a manner that it collided with the bridge, is a sufficient averment to permit proof of that negligence which would render the defendants liable as licensors.

Among the facts affecting the question of whether the defendants were relieved from liability by the fellow-servant rule, which, as we view the record, the jury might have found had the case been submitted to them, are these : that the defendants, neither by their contract of employment, nor by any other contract, ever agreed to carry the plaintiff from Tariffville to Granby ; that the conveyance upon which the plaintiff was riding when he was injured was not furnished nor intended for the carriage of the plaintiff, but only for the skilled workmen ; that the plaintiff was allowed to ride upon such conveyance merely as a matter of favor ; that the defendants had the right to refuse to carry the plaintiff and to compel him to leave the conveyance at any point on the road ; that the plaintiff was

at liberty to leave it whenever he chose; that the plaintiff rendered no service whatever while on the sleigh; that he was injured before the hour for commencing his work and before reaching the place where he was employed to work.

If the jury had found these facts, it would follow that in carrying the plaintiff at the time of the accident the defendants were not engaged in performing any duty which as employers they then owed to the plaintiff, and that as employers they then owed the plaintiff no duty whatever; and, on the other hand, that the plaintiff was not then engaged in performing any duty which as an employee he owed the defendants, and that as an employee he then owed the defendants no duty.

Had all these facts been found by the jury, the defendants would, of course, have still been free from liability unless the plaintiff proved such negligence upon the part of the defendants or their agent Rinski as would render them responsible as mere licensors, and also his own freedom from contributory negligence. But upon proof of both of these additional facts, the fellow-servant law furnished the defendants no immunity from liability, for the reason that upon such facts, although Rinski was the defendants' servant at the time of the accident, he was not a fellow-servant of the plaintiff, since the latter did not then stand in the relation of servant to the defendants.

In *Sullivan* v. *New York, N. H. & H. R. Co.*, 73 Conn. 203, 214, 47 Atl. 131, we stated that as a general rule a defendant who would avail himself of the defense that an employer was not liable for an injury sustained by an employee through the negligence of a fellow-servant, must show: first, that the injured person was engaged as an employee at the time of the accident; second, that the injury was the result of the misconduct of another employee; and third, that the relation of the latter to the injured person was that of fellow-servant. In determining whether the fellow-servant rule is applicable in a given case of injury to a person while riding to or from his work upon his employer's conveyance, we regard a fair test to be whether

it can rightly be said that the employer in furnishing the transportation, and the employee in using it, were engaged in performing one of the express or implied duties of the employment. The answer to this question must necessarily depend largely upon the peculiar circumstances of each case.

The apparent conflict of decisions upon this subject is due rather to a difference in the circumstances affecting the principal question in the different cases, than to any difference as to what the controlling question is. The cases cited by the plaintiff and defendants seem to differ mainly in the character and provisions of different contracts of employment, and in what may properly be inferred therefrom; and upon such questions as whether the conveyence upon which the injured person was riding was provided in order to facilitate the performance of the work which he was employed to do; whether the employee was invited to ride in the conveyence; whether it was furnished for his use; whether while being so carried the employee either rendered any service to his employer or was subject to his direction; and in other such facts bearing upon the controlling question of whether the transportation ought to be regarded as furnished and accepted in performance of the contract of employment and service.

In *Whittlesey* v. *New York, N. H. & H. R. Co.*, 77 Conn. 100, 58 Atl. 459, cited by defendants, where we held that under the fellow-servant law the defendant was not liable for an injury to the plaintiff's intestate resulting from the neglect of the foreman of a railroad section gang to protect, by a signal flag, the hand-car upon which the decedent was riding to his place of work, it was found to have been one of the duties of the decedent and other employees to transport themselves by the hand-car to their place of work, and that while so doing they were subject to the orders of the foreman.

In *McGuirk* v. *Shattuck*, 160 Mass. 45, 47, 35 N. E. 110, cited by the defendants, in which the plaintiff, who was employed by the defendant as a laundress, through the negli-

gence of the defendant's coachman, was thrown from the wagon sent to convey her to the defendant's house, and in which the court held that "the plaintiff must be regarded as having been in the service of the defendant at the time of the accident," and that there could be no recovery since the accident occurred through the negligence of a fellow-servant, saying, that "whether the transportation of the plaintiff was entirely gratuitous, as it seems to have been, or whether it was in pursuance of such an understanding between the parties that it might be deemed to have been a part of the contract, in either case it was incident to the service which the plaintiff was to perform, and closely connected with it,"—it appeared that the conveyence was sent for the express use of the plaintiff, and that the transportation was furnished and accepted to facilitate the performance of the work for which the plaintiff was employed.

In *Dickinson* v. *West End Street Ry. Co.*, 177 Mass. 365, 368, 59 N. E. 60, the plaintiff, an employee of the defendant, was injured through the negligence of the motorman of the car upon which he was riding under a rule of the company permitting its employees in uniform to ride free upon its cars. At the time of the accident he had finished his work for that morning and had taken the car to go home to his dinner. Judge Knowlton, in giving the opinion of the court, says : " At the time of the accident he [the plaintiff] did not stand in the relation of a servant to the defendant. His time was his own, and he owed the defendant no duties until the time arrived for resuming his work. It was no part of his duty to the defendant, as a servant, to take the car on which he was riding and go to a particular place for his dinner. He might go where he pleased and when he pleased during the interval before coming back to his work. This case is different . . . from cases in which the plaintiff was riding in the line of his duty in the course of his employment," naming *McGuirk* v. *Shattuck*, and other cases. See also *McNulty* v. *Pennsylvania R. Co.*, 182 Pa. St. 479, 38 Atl. 524; *Peterson* v. *Seattle Traction Co.*, 23 Wash. St. 615, 63 Pac. 539, 65 id. 543;

Wood on Master and Servant, § 404; Ray on Negligence of Imposed Duties, Passenger Carriers, p. 7.

We said in *Zeigler* v. *Danbury & Norwalk R. Co.*, 52 Conn. 543, 556, that the tendency in nearly all jurisdictions was to limit rather than to enlarge the defense of common employment. To hold that a boy fourteen years of age, by accepting employment to do odd jobs upon his employers' tobacco plantation, his pay depending on the work he did, assumed the risk of being injured, through the carelessness of his employers' driver, while riding, outside of working hours, and when not engaged in his employers' service, upon a conveyance not provided for his use, but upon which as a favor he was permitted to ride because he was such an employee, would be a decided extension of the fellow-servant rule as it has been heretofore applied in this jurisdiction.

The trial court erred in instructing the jury as above stated, and in directing them to find a verdict for the defendants.

Error and new trial ordered.

In this opinion the other judges concurred.