REMISER BRYANT v. MOSS PACKING CO.

158 So. 713.
Division B.
Opinion Filed January 18, 1935.

*Dayton, Dayton & Dayton,* for Plaintiff in Error;

*Shackleford, Ivy, Farrior & Shannon* and *R. W. Shackleford,* for Defendant in Error.

BUFORD, J.—The writ of error is to review a judgment entered in favor of defendant on demurrer sustained to a declaration.

The declaration attempted to set up a cause of action

for damages occasioned by the wrongful death of plaintiff's husband. The declaration was in two counts. Both counts of the declaration are fatally defective because they fail to allege that the deceased was riding on the truck of the defendant with the knowledge or consent either of the defendant or the defendant's agent in charge of the truck, the negligent driving and operation of which is alleged to have caused the injury and death of plaintiff's husband, or that the defendant had in any manner assumed any obligation to transport the deceased so as to incur the duty to transport the deceased with ordinary care and with a due regard to his safety.

For the reasons above stated, each count of the declaration is insufficient to show any liability upon the part of the defendant. Therefore, the demurrer should have been sustained with leave to amend in this regard.

It appears, however, from the record before us that the demurrer to the declaration may have been sustained upon the theory that the injury alleged to have been inflicted on the deceased was due solely to the negligence of a fellow-servant and, therefore, under the allegations of the declaration the plaintiff could not recover because of the application of the fellow-servant doctrine.

Whether or not the declaration upon its face shows that the plaintiff cannot recover because of the application of the fellow-servant doctrine may be said to be a close question.

Under the state of facts presented in the declaration the fellow-servant doctrine would be held to apply in some jurisdictions, while in others it would not. The salient facts alleged in the declaration are that the deceased, Hector Bryant, was employed by the defendant corporation as an orange picker in a certain grove and that after completing

his work in the grove, Hector Bryant, pursuant to the usual custom of employees of the defendant corporation, boarded a motor truck for the purpose of being transported to the City of Tampa; that it was the custom of the said defendant corporation to furnish such transportation for its employees; that the motor truck was driven and operated by one Mitchell, an employee of the defendant corporation in the regular scope and business of the said defendant corporation, to-wit: the transporting of citrus fruit, field crates and certain employees of the said defendant corporation from the Wooten Grove in which decedent was employed to pick fruit to the City of Tampa over a certain highway. That Bryant, after having completed his work for the day, was riding on the back part of the truck on the return trip to the City of Tampa from the grove in which he was employed to work by way of the said highway and that the truck was being driven by Sam Mitchell and that Bryant had no control over the motor vehicle. That the said Sam Mitchell did so negligently drive and operate the motor vehicle, or the said truck, as to cause Hector Bryant to be thrown from the motor vehicle, while the said motor vehicle was in motion, on to the pavement of the highway at a certain place in Hillsborough County, Florida. That Hector Bryant was bruised and injured by being thrown from the said motor vehicle and was mortally wounded, mangled and died from the injury so received.

We have not quoted the declaration but have stated the salient facts alleged. Now the question to be determined is whether or not these allegations show that Hector Bryant and Sam Mitchell were fellow servants.

We think the better rule is that under such conditions such employees will not be held to be fellow servants in that capacity which would bar one from recovering from the

master for injuries occasioned by the negligence of the other while such other is in the discharge of his duties and work for which he is employed by the master.

The case of Piggon v. Lane, 80 Conn. 237, 11 Ann. Cases 371, 67 Atl. 237, is very much in point and in that case it was said:

"In Sullivan v. New York, N. H. & H. R. Co., 73 Conn. 203, 214, 47 Atl. 131, we stated that as a geenral rule a defendant, who would avail himself of the defense that an employer was not liable for an injury sustained by an employee through the negligence of a fellow-servant, must show: first, that the injured person was engaged as an employee at the time of the accident; second, that the injury was the result of the misconduct of another employee; and third, that the relation of the latter to the injured person was that of fellow-servant. In determining whether the fellow-servant rule is applicable in a given case of injury to a person while riding to or from his work upon his employer's conveyance, we regard a fair test to be whether it can rightly be said that the employer in furnishing the transportation, and the employee in using it, were engaged in performing one of the express or implied duties of the employment. The answer to this question must necessarily depend largely upon the peculiar circumstances of each case."

And again, in the same opinion, the Court said:

"In Dickinson v. West End Street Ry. Co., 177 Mass. 365, 368, 59 N. E. 60. the plaintiff, an employee of the defendant, was injured through the negligence of the motorman of the car upon which he was riding under a rule of the company permitting its employees in uniform to ride free upon its cars. At the time of the accident he had finished his work for that morning and had taken the car to

go home to his dinner. Judge Knowlton, in giving the opinion of the Court, says: 'At the time of the accident he (the plaintiff) did not stand in the relation of a servant to the defendant. His time was his own, and he owed the defendant no duties until the time arrived for resuming his work. It was no part of his duty to the defendant, as a servant, to take the car on which he was riding and go to a particular place for his dinner. He might go where he pleased and when he pleased during the interval before coming back to his work.' "

In that case the Court held that the fellow servant rule did not apply and in support thereof cited numerous authorities. In line with this holding see I. C. Ry. Co. v. Lanier, 202 Ill. 624, 67 N. E. 398; State v. Western Maryland R. Co., 63 Md. 433; Galveston, etc., Ry. Co. v. Leonard (Tex. Civ. Appeals), 29 S. W. 955; Peterson v. Seattle Traction Co., 23 Wash. 615, 63 Pac. 539, 65 Pac. 543;

In the case of L. & N. R. Co. v. Wade, 46 Fla. 197, 35 Sou. 863, this Court in referring to the application of the fellow-servant doctrine said:

"The rule as to fellow-servants had no application to one who, though in the employment of the principal whose servant's negligence occasioned the injury, was not when injured engaged in the performance of his duties as such employee, but had left the scene of his labors and was engaged in the pursuit of his own ends. Wood on Master and Servant, 404; Wink v. Weiler, 41 Ill. App. 336; Doyle v. Fitchburg R. Co., 162 Mass. 66, 37 N. E. Rep. 770, S. C. 44 Am. St. Rep: 335; Washburn v. Nashville & Chattanooga R. R. Co., 3 Head (Tenn.) 638. One so injured, therefore, is not an employee within the meaning of the present statute."

So it appears that this Court is committed to the applica-

tion of the rule in line with the opinion and judgment in the case of Pigeon v. Lane, *supra,* and that under this rule, as stated, the declaration does not show that the plaintiff is barred from recovery by reason of the application of the fellow-servant doctrine.

The order sustaining the demurrer was general in its terms and the demurrer contained sufficient grounds of attack upon the declaration to include and present the infirmity which is mentioned at the beginning of this opinion, that is, that the declaration did not sufficiently allege either that the defendant or its alleged agent had given its consent for the decedent to be riding on the truck at the time the accident occurred, or that either the defendant or its alleged agent had any knowledge that decedent was on the truck at the time the accident occurred. This infirmity of the declaration, however, was not brought to the attention of this Court either by briefs or by the argument of counsel. Neither was it specifically mentioned in the demurrer but is covered only by that ground of the demurrer reading as follows: "It is not made to appear that the defendant breached any duty owing by it to the plaintiff's decedent;" and by other grounds of demurrer interposed to the first count only reading as follows:

"First. The allegations contained in the first count with regard to the acts of negligence claimed to have occasioned the death of plaintiff's decedent amount to the mere conclusions of the pleader.

"Second. No allegations are contained in said count sufficient to disclose actionable negligence on the part of this defendant which proximately occasioned death of plaintiff's decedent."

It is a general rule that the Appellate Court is not concerned with the reasons or grounds upon which the trial

court sustained a demurrer. It is only concerned with the question as to whether or not the demurrer should have been sustained on any ground set forth therein. By applying that rule, the judgment should be affirmed, but a majority of the members of the Court are of the opinion, gathered from argument of counsel for the respective parties before us, that the infirmity which we find existing in the declaration was not brought to the attention of the court below specifically and that it is an infirmity which, had it been noticed in the court below, may have been amended.

So the judgment sustaining the demurrer should be affirmed insofar as it sustains the demurrer, but the judgment dismissing the suit and thereupon being entered in favor of the defendant should be reversed on condition that plaintiff amend her declaration within ten days after the filing of the mandate of this Court in the court below and, failing to do so, the entire judgment stands affirmed. See Sec. 2918 R. G. S., 4637 C. G. L. The costs incident to this review on writ of error should be taxed equally against the parties. It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

ELLIS, P. J. (concurring specially).—I agree to the order solely because it is apparent from the briefs of counsel that the sufficiency of the declaration was attacked not on its apparent defect but on a question of doubtful application in the present state of the declaration, the defect in which may possibly be cured; that because of the digression the plaintiff may have been misled into the belief that, as an amendment could not be made on the point discussed, it was useless to attempt a cure of the apparent defect in the declaration, and suffered judgment against her.

In these circumstances it is probable that this Court has power under the provisions of Section 4637, C. G. L. 1927, to amend the judgment in the matter suggested in the order of the Court.

TERRELL, and BROWN, J. J., concur.