M. J. BALL, *et ux.*, v. I. C. HELMLY FURNITURE Co., INC.

182 So. 435.
En Banc.
Opinion Filed June 18, 1938.
Rehearing Denied July 14, 1938.

*Murrell & Malone* and *Grady C. Harris,* for Plaintiffs in Error;

*Gramling & Gramling* and *Blackwell & Walker,* for Defendant in Error.

CHAPMAN, J.—This cause is here on writ of error to a final judgment entered in behalf of the defendant on April 12, 1937, by the Circuit Court of Dade County. Florida. The parties to this suit in this opinion shall be referred to as they appeared in the lower court as plaintiffs and defendant. On September 7, 1936, plaintiffs filed in the court below their second amended declaration. Counts one and two thereof were in favor of M. J. Ball and Elizabeth Ball, husband and wife, for injuries alleged to have been sustained by the wife, Elizabeth Ball, while an employee of the defendant. Counts three and four thereof were in favor of the husband, M. J. Ball, for alleged damages sustained by the husband as a result of injuries to the wife while an employee of the defendant.

The material allegations of count one show that Elizabeth Ball was an employee of the defendant corporation and

was seriously injured by being struck by an automobile truck that was then owned and maintained and operated by defendant within the State of Florida, while said truck was in possession and control of and was being operated by another (one Hargrove) with the permission and consent of defendant, at a place on the premises of defendant, while said truck was being so driven by Hargrove in a reckless and careless manner off of a public alley to said place on said premises of defendant, during a lunch hour, when said injured employee was off duty and was not engaged in or about any of her duties to defendant and did not then stand in the relation of servant to defendant, at a time when said injured employee and the employees of defendant were allowed, permitted and invited by defendant to be at said place where she was so struck, and when said injured employee had no control over said truck.

The material allegations of count two show that Elizabeth Ball was an employee of defendant corporation and was seriously injured by being struck by an automobile truck that was then in possession and control of and was being operated by one Hargrove, while said Hargrove was in possession and control of and operating said truck in the course of and within the scope of his employment as an employee of defendant in and about the business of defendant, at a place on the premises of defendant, while said truck was being driven by said Hargrove in a reckless and careless manner, during a lunch hour, when said injured woman employee was off duty and was not then engaged in or about any of her duties to defendant and did not stand in the relation of a servant to defendant, at a time when said injured woman employee and the other employees of defendant were allowed, permitted and invited by defendant to be at said place where she was so struck, and when

said injured woman employee had no control over said truck.

The material allegations of count three show that Elizabeth Ball, a married woman, who was then living with her husband, was an employee of a defendant corporation, and that said married woman employee was seriously injured by being struck by an automobile truck that was then owned and maintained and operated by defendant within the State of Florida, while said truck was in possession and control of and was being operated by another (one Hargrove) with the permission and consent of defendant, at a place on the premises of defendant, while said truck was being so driven by Hargrove in a reckless and careless manner off of a public alley to said place on said premises of defendant, during a lunch hour, when said injured woman employee was off duty and was not then engaged in or about any of her duties to defendant and did not then stand in the relation of a servant to defendant, at a time when said injured woman employee and the other employees of defendant were allowed, permitted and invited by defendant to be at said place where she was so struck, and when said injured woman employee had no control over said truck.

Count four alleges that Elizabeth Ball, a married woman, who was then living with her husband, was an employee of a defendant corporation, and that said married woman employee was seriously injured by being struck by an automobile truck that was then in possession and control of and was being operated by one Hargrove, while said Hargrove was in possession and control of and operating said truck in the course of and was within the scope of his employment as an employee of defendant and in and about the business of defendant, while said truck was being driven by said Hargrove in a reckless and careless manner, during a lunch hour, when said injured woman employee was off

duty and was not then engaged in or about any of her duties to defendant and did not stand in the relation of a servant to defendant, at a time when said injured woman employee and other employees of defendant were allowed, permitted and invited by defendant to be at said place where she was so struck, and when said injured woman employee had no control over said truck.

On October 5, 1936, a demurrer was filed to the second amended declaration and to each independent count thereof, which contained some twenty-five different grounds. On Feburary ___, 1937, the lower court entered an order sustaining the demurrer to the said declaration. On April 12, 1937, a final judgment for defendant was entered upon the demurrer and the material portion of the judgment necessary for a decision of this case as disclosed by the record, is: "That the demurrer of the defendant to plaintiff's said declaration, and to each count thereof, be, and the same is hereby sustained, on those respective grounds of the demurrer to the effect that said counts show that the *injuries alleged to have been inflicted on Elizabeth Ball were due to the negligence of her fellow servant, Troy C. Hargrove.*" The plaintiffs declined to file an amended declaration and took writ of error to the final judgment and have assigned as error the final judgment entered by the court below for the defendant on the demurrer.

The sole question for decision here is: From the allegations of the four counts, *supra,* of the second amended declaration were Elizabeth Ball and Troy C. Hargrove, at the time, place and circumstances of the injuries of Eilzabeth Ball, as a matter of law, fellow servants?

It will be observed that Elizabeth Ball and Troy C. Hargrove were employees of the defendant, and that Elizabeth Ball received her injuries during "lunch hour when the relation of a servant to the defendant did not exist." This

material allegation appears in each count of the declaration. The lower court, as a matter of law, held that the relation of master and servant existed between plaintiff and the defendant at a time when plaintiff was not at work at the master's business and "during the lunch hour." It can not be overlooked that this allegation presents a close question for this Court to decide. One of the early English cases dealing with the doctrine of common employment was that of Priestly v. Fowler, 3 Mees. & W. 1, Murph. & H. 305, 1 Jur. 987, 7 L. J. Exch. N. S. 42, 19 Eng. Rul. Cas. 102, decided in 1837. It was a case in which the plaintiff was injured through the defendant's overloading of a van in which he was traveling by the direction of the defendant in the discharge of his ordinary duties. This same principle of law was by the Supreme Court of South Carolina adopted and applied in the year 1841 when it held that a fireman could not recover against a railway company for injuries caused by the negligence of an engineer. See Murray v. South Carolina R. Co., 1 McMullan's L. 385, 36 Am. Dec. 268. It is not necessary to go into the rationale of this doctrine, but it is well treated in LaBatt's Master & Servant, Vol. 4, (2nd Ed.), p. 4011, pars. 1395-6-7-8. This author at page 4035, par. 1399, of the same volume, states that in an early case it was laid down that a master was not exempt from responsibility to his servant for an injury occasioned by him by the act of another servant, where the servant injured *was not, at the time of the injury,* acting in the service of his master, and that in such a case, the servant injured is substantially a stranger, and entitled to all the privileges he would have had if he had not been a servant.

Where a servant steps aside from the business of his master for ever so short a time to do an act that is not a part of that business, the relation of master and servant

is for the time suspended and the acts of the servant during this interval are not the master's but his own. See St. Louis Southwestern R. Co. v. Harvey, 75 C. C. A. 536, 144 Fed. 806.

The hazardous occupation act affecting persons, firms and corporations engaged in business of a hazardous nature as enumerated in Section 7058 C. G. L., do not apply to the case at bar. The general trend of decisions applicable to master and servant are, as a rule, in favor of the master and against the servant, while the Florida rule appears to follow the early decisions to the effect that the fellow servants' rule has no application to one who, though in the employment of the principal whose servant's negligence occasioned the injury, *was not when injured* engaged in the performance of his duties as such employee, but had left the scene of his labors and was engaged in the pursuit of his own ends. See Louisville & N. R. Co. v. Wade, 46 Fla. 197, 35 So. 863.

In the case of Bryant v. Moss Packing Co., 118 Fla. 176, 158 So. 713, this Court, speaking through Mr. Justice Buford, said: "So it appears that this Court is committed to the application of the rule in line with the opinion and judgment in the case of Pigeon v. Lane, 80 Conn. 237, 11 Ann. Cas. 371, 67 Atl. 131, and that under this rule, as stated, the declaration does not show that the plaintiff is barred from recovery by reason of the application of the fellow servant doctrine."

In the case of Pigeon v. Lane, *supra* (Headnote p. 238), the complaint alleged:

"* * * that on a certain day the plaintiff was employed by the defendants, who were engaged in preparing tobacco for market; that they sent their sleigh to an adjoining town to bring the plaintiff and other of their employees to their warehouse; that their driver and agent offered and

undertook to convey the plaintiff to the warehouse, and that the plaintiff accepted the offer and boarded the sleigh; that the driver negligently overloaded the sleigh, and carelessly, negligently and improperly drove it against a bridge whereby the plaintiff's leg was crushed so that it had to be amputated. *Held* that these allegations did not estop or prevent the plaintiff from proving that although admittedly on his way to work at the time of his injury he did not *then stand* in the relation of a servant to the defendants, but was upon their sleigh as a mere licensee." (Emphasis ours.)

Further in the case of Pigeon v. Lane, *supra* (text p. 242), the Supreme Court of Connecticut said:

"In *Sullivan* v. *New York, N. H. & H. R. Co.,* 73 Conn. 203, 214, 47 Atl. 131, we stated that as a general rule a defendant who would avail himself of the defense that an employer was not liable for an injury sustained by an employee through the negligence of a fellow-servant, must show: first, that the injured person was engaged as an employee at the time of the accident; second, that the injury was the result of the misconduct of another employee; and third, that the relation of the latter to the injured person was that of fellow-servant. In determining whether the fellow-servant rule is applicable in a given case of injury to a person while riding to or from his work upon his employer's conveyance, we regard a fair test to be whether it can rightly be said that the employer in furnishing the transportation, and the employee in using it, were engaged in performing one of the express or implied duties of the employment. The answer to this question must necessarily depend largely upon the peculiar circumstances of each case."

Also in the case of Pigeon v. Lane, *supra* (text p. 244), that Court said:

"In *Dickenson v. West End Street Ry. Co.,* 177 Mass. 365, 368, 59 N. E. 60, the plaintiff, an employee of the defendant, was injured through the negligence of the motorman of the car upon which he was riding under a rule of the company permitting its employees in uniform to ride free upon its cars. At the time of the accident he had finished his work for that morning, and had taken the car to go home to his dinner. Judge Knowlton, in giving the opinion of the court, says: 'At the time of the accident he (the plaintiff) did not stand in the relation of a servant to the defendant. His time was his own, and he owed the defendant no duties until the time arrived for resuming his work. It was no part of his duty to the defendant, as a servant, to take the car on which he was riding and go to a particular place for his dinner. He might go where he pleased and when he pleased during the interval before coming back to his work * * *' "

If this Court applies the rule adopted in Pigeon v. Lane, *supra,* and we cannot do otherwise, to the allegations of the four counts of the declaration, the conclusion is inevitable that the declaration states a cause of action. The allegation that "Elizabeth Hall received her injuries during lunch hour when the relation of servant to the defendant did not exist" is sufficient to except the case at bar from the fellow-servant rule. The fellow servant rule in Florida, as adopted from Pigeon v. Lane, *supra,* is that the injured person was engaged as an employee *at the time of the accident.* See Bryant v. Moss Packing Co., 118 Fla. 176, 158 So. 713.

We are impressed with the wealth of authorities cited by counsel for defendant to sustain the ruling of the lower court. This Court by adopting the rule in Pigeon v. Lane, *supra,* followed the early decisions of the country as to the fellow servants' rule, rather than the modern trend of au-

thorities on the subject now appearing in brief of counsel for defendant. The judgment appealed from is reversed.

WHITFIELD, BROWN and BUFORD, J. J., concur.