MARY A. DYKES, a Widow, v. AGNES J. SIMKINS, a Widow.

197 So. 327
Division B
Opinion Filed July 5, 1940

*Roy S. Wood,* for Plaintiff in Error;

*Paul C. Taylor,* for Defendant in Error.

CHAPMAN, J.—This case is here for review on writ of error to a final judgment for the defendant below entered by the Circuit Court of Dade County, Florida. The case went to trial on a declaration consisting of three counts. The general allegations of the declaration are that the plaintiff was a dressmaker and seamstress and was employed by the defendant for the sum of $3.50 per day and was furnished meals and board while at work in the home of the defendant.

On February 2, 1937, the plaintiff arose, dressed and went from the second floor of defendant's home where she slept to the first floor for breakfast. While breakfast was being prepared plaintiff sat on the porch and read the Miami Herald. She was called to breakfast and when walking from the porch through the living room to the dining room, she stepped on a small Oriental rug kept on the floor and the rug slipped under her weight and she fell and as a result her hip was broken. The plaintiff was in her sixties and weighed more than 150 pounds. The allegations of injury are fully set out in the declaration.

The theory of the plaintiff's case was that she was a servant of the defendant and was acting within the scope of her employment when injured and that her injury was due to the negligence of the defendant in failing to provide a reasonably safe place in which to work.

The first count charged that the defendant was negligent in failing to keep and provide floors in her said residence in a safe condition for the plaintiff to walk upon. The second count charged that the place where defendant was employed to work was slippery and unsafe to walk upon because of excessive wax or polish on the floor and had thereupon an Oriental rug unequipped with pads or devices to hold the same in place. The third count charged that it was the duty of the defendant to warn the plaintiff against known dangerous conditions about the residence and that the defendant knew, or should have known that the Oriental rug was not equipped with pads or other devices to hold same in place and keep same from slipping, with accumulated wax thereunder.

To the declaration the defendant filed pleas of not guilty, assumption of risk, and pleas of special traverse, and upon replication by the plaintiff to some of the pleas of the defendant, the cause was submitted to a jury, which returned a verdict for the defendant. After a motion for a new trial was made and overruled a final judgment was entered for the defendant below and an appeal therefrom has been perfected to this Court.

The parties will be referred to hereafter as plaintiff and defendant as they appeared in the lower court. It is contended here that the lower court erred in charging the jury in behalf of the plaintiff, viz.:

"In order for the plaintiff to prevail in this case it is necessary for her to prove by a preponderance of the evidence the material allegations of her declaration. The plaintiff alleges in her declaration that the injury which she alleges she received occurred while she was engaged in the service of the defendant as a seamstress.

"If you find from the evidence that Mrs. Dykes, at the time and place of the accident, was a guest or licensee in

the home of Mrs. Simpkins, and that her daily employment as a seamstress did not commence until after breakfast each morning, and that the accident occurred prior to that time, on the morning of its occurrence, then it will be your duty to find for the defendant."

It is settled law in Florida that charges assigned as error must be considered in connection with all other charges given, and when so considered, if it appears that no harmful error occurred, when considered in the light of the entire charge and the point is covered fully by the instructions given, then the assignments of error thereon are without merit. See United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613; Brownlee v. State, 95 Fla. 775, 116 So. 618.

The evidence disclosed that the plaintiff was assigned a place in one of the rooms on the second floor while engaged as a seamstress or dressmaker, and it was her custom to begin work about 8:30 A. M. and the day's work ended around 5:00 or 5:30 P. M. The fall and injury occurred prior to 8:30 A. M. and on the first floor of the defendant's home at a time when plaintiff was passing through the living room to the breakfast table. Counsel for the plaintiff contends that at the time she fell and was injured the relation of master and servant existed and the defendant was negligent in not providing her a reasonably safe place in which to work. The position of counsel for plaintiff it is contended is sustained by a number of authorities cited and the same have been examined in the light of the contention made. Counsel for the defendant contends that the relation of master and servant did not exist at the time plaintiff was injured and the duty of providing a reasonably safe place for her to work was not required as a matter of law and that plaintiff when injured was a guest or licensee in the home of the defendant and was not by the terms of

employment required to begin her work until after breakfast or about 8:30 A. M.

We think the case at bar is ruled by Ball v. Helmly Furn. Co., Inc., 132 Fla. 882, 182 So. 435. See Bryant v. Moss Packing Co., 118 Fla. 176, 158 So. 713; Pigeon v. Lane, 80 Conn. 237, 67 Atl. 886, 11 Ann. Cas. 371.

We have carefully considered the entire record, heard able argument at the bar of this Court, the briefs have been studied and authorities cited examined and we fail to find error in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.