Kate McNulty *v.* The Pennsylvania Railroad Company, Appellant.

[Marked to be reported.]

*Negligence— Railroads — Passenger — Master and servant—Fellow servant.*

A person employed by a railroad company at a certain amount of wages per day and free transportation to and from his home is to be regarded as a passenger while traveling to his home after his day's work is done; and if he is injured or killed while on the train by the negligence of another employee of the company, he is not within the rule which relieves the master from liability for an injury to a servant caused by the negligence of a fellow servant.

*Practice, S. C.—Assignments of error.*

An assignment of error that " the trial judge erred in charging the jury that the decedent was a passenger," without quoting any of the charge, offends against Rule XXIII, which provides that " the part of the charge . . . . referred to must be quoted totidem verbis in the specification."

Argued March 21, 1897. Appeal, No. 71, Jan. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 544, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before GORDON, J. The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Errors assigned* were (1–3) instructions, as recited in the opinion, quoting them.

*David W. Sellers*, for appellant.—There must be an intention to accept a person as a passenger. It is the actual truth that decedent rode in the car only as an employee: Tunney v. Midland Ry. Co., L. R. 1 Common Pleas, 291. To impose upon the defendant the obligation as of a carrier to a passenger is to make a contract never agreed to: Bricker v. R. R., 132 Pa. 3.

The case is within act of April 4, 1868: Ryan v. Cumberland Valley R. R., 23 Pa. 384: Ry. Accident Law, Patterson, 216.

The employee in O'Donnell v. R. R., 50 Pa. 490, was not in the same common employment as the engineer. This last case also arose before the act of 1868.

If McNulty was not in the car as an employee then he was a trespasser: Penna. R. Co. v. Mooney, 126 Pa. 250.

He was on the car only by reason of his contract of service. He was therefore on the road "while lawfully engaged:" Ricard v. North Penna. R. R., 89 Pa. 195 ; Balti. & Ohio R. R. v. Colvin, 118 Pa. 230.

*P. F. Rothermel, Jr.*, for appellee.—The case at bar falls directly within the decision of O'Donnell v. Allegheny Val. R. R., 59 Pa. 239.

This case does not fall within the provisions of the act of of April 4, 1868.

The case of R. R. v. Mooney, 126 Pa. 250, cited by counsel for defendant, was the case of a laborer who essayed to cross a public crossing without stopping, looking or listening, and hence has no application.

The cases of Ricard v. North Penna. R. R., 89 Pa. 195, and Balti. & Ohio R. R. v. Colvin, 118 Pa. 230, cited by counsel for defense, were cases where the persons injured were actually employed in their respective occupations when the accident occurred, and hence have no application.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897 :

The first and third specifications of error are intended to present what may be regarded as the controlling question in this case : Whether, upon the undisputed facts, the relation of plaintiff's husband to the defendant company at the time he was killed, in the collision that occurred on October 28, 1894, was that of a passenger being transported in one of its cars, or that of an employee then in the service of the company? These specifications are as follows :

1st. In refusing to charge, as requested in defendant's first point, " That McNulty was carried by defendant in the performance of a contract of employment and service, and was in law not a passenger but an employee; and as he was injured by a collision due to the negligence of the engineer, the verdict must be for the defendant."

2d. "In charging the jury that the decedent was a passenger." This specification was doubtless intended to embrace that part of the charge in which the learned trial judge refers to the relation of the deceased to the defendant company at the time of the collision. If so, it offends against Rule XXIII which provides that " the part of the charge . . . . referred to must be quoted totidem verbis in the specification." Turning to the charge sent up with the record, we find that, as to the contractual relation existing between the deceased and the defendant and the circumstances attending the collision in which he lost his life, etc., the learned judge said :

" It appears that the husband was an employee of the railroad company. He was employed to work on a bridge at Tacony, in this county, under a contract of employment by which he was to receive $1.20 a day, and the company also contracted to transport him from his home to the place where his work was to be performed, and from that place back to his home at night when his work was over. The dead man lived at Bristol in the adjoining county, and upon the Sunday when he met his death he

had finished his work about fifteen or twenty minutes after six o'clock, and he with other workmen, employed upon the bridge at Tacony, entered a passenger car of the Pennsylvania Railroad Company, and the car then proceeded towards Bristol. It stopped at a station called Croyden, situated between Tacony and Bristol, and while there at rest, or when about to come to rest, a freight train of the Pennsylvania Railroad Company, upon the same track, crashed into the rear end of the car and the plaintiff's husband was killed. It was argued to the court that under a statute of our state and under the general law a railroad company was not liable in damages in such a case as this, because McNulty was an employee of the company at the time of the accident, and that the company is not liable to the employee who is injured through the negligence of another employee. In passing upon the motion of a nonsuit I stated, and I now charge you that under the contract of hiring in this case, the services, the work, the employment of McNulty ceased when he quit work at Tacony, and that while he was being transported to his home over the tracks of the railroad company he was not an employee then in its service; and, therefore, the injury which he suffered and which resulted in his death did not come to him while he was in the employ of the company. . . . He was not in the employ of the company, but was being transported over the road for a valuable consideration, under a contract, it is true, which involved his employment, but a contract in which the transportation and the wages were a return for services rendered, and therefore it became the duty of the company to transport him with care and with due regard for his safety."

It is unnecessary to refer in detail to the testimony. A careful examination of the record clearly shows that the foregoing instructions were in strict accord with the undisputed evidence in the case. The conclusively established facts as to the contractual relation of the parties are not susceptible of any other conclusion than that the transportation of plaintiff's husband from and to his home in Bristol was part of the consideration moving from the company to him, and given him, with the $1.20, in payment of a day's wages. That being so, he had virtually paid for his passage home in the car in which he was riding at the time of the collision, and was therefore a passenger, and not an employee, as soon as his day's work was done and he entered the

car for the sole purpose of being carried home. In its controlling features this case is on all fours with O'Donnell v. Railroad Company, 59 Pa. 239, in which Mr. Justice AGNEW, after referring to the contract of hiring in that case, says : " The work of the plaintiff was wholly at the bridge, . . . . at the time of the accident he had finished his day's work, and was ten or twelve miles from the bridge on his way home. Under these circumstances, the court below instructed the jury that the plaintiff was traveling as a passenger, and not in the capacity of a servant. . . . He was not hired to pursue his business on the train, but was carried in consideration of a reduction in the price of his wages. When his day's work was performed he was no longer in the service of the company, but was free to go or stay and, when he traveled, in effect paid his fare out of his wages."

As was clearly shown in O'Donnell v. Railroad Co., supra, the cases of Ryan v. Railroad Co., 23 Pa. 384, and Tunney v. Midland Railway Co., Law Rep. 1 C. P. 291, are clearly distinguishable from the one now under consideration. The plaintiff in the former was a laborer on a gravel train. In the exercise of his employment he was required to be on the train. The loading and unloading of gravel necessarily required the hands employed in that work to travel with the train from place to place. He traveled not as a passenger to any particular destination, but went with the train whenever it became necessary to obtain or deposit gravel. His traveling on the cars, like that of a brakeman or a fireman, was in pursuance of his employment, and not under a contract with the company for transportation to his home or elsewhere. In the other case, it was part of Tunney's employment as a laboror for specific wages to travel from Birmingham to Derby on a train called the " pick up " train, for the purpose of gathering up materials left along the line of the road ; and he was required to be ready for the train at Birmingham and start thence on his trip and return there. The case was put distinctly on the ground that it was part of Tunney's " contract of service that he was to return each day to Birmingham by the pick up train to be ready to start upon his work the next morning."

In the case at bar, the transportation from and to his home to which the deceased, McNulty, was entitled was not in any sense a service or connected with any service that he was rendering

to the defendant company, but it was a service which the latter by the terms of its contract was required to render to him. He was under no obligation to ride on the cars, but there was an obligation on the part of the company to afford him an opportunity of doing so, if he saw fit to avail himself of it; and when he exercised the right to which he was thus entitled, and entered the car for the sole purpose of being transported to Bristol, he was a passenger in the full sense of the word, and not an employee of the defendant. Before he did so his day's service to the company was fully completed, and he had earned the $1.20, together with the right of transportation to Bristol.

The point for charge recited in the second specification was rightly refused, for the reason that there was no evidence in the case to bring it within the provisions of the act of April 4, 1868. As we have seen, plaintiff's husband, according to the undisputed evidence, was a passenger and not an employee at the time of the collision, and hence, by the express terms of the act itself, it has no application to the case.

The question of defendant's negligence as the sole cause of McNulty's death has been definitively determined by the verdict, rendered under adequate and proper instructions. The question of contributory negligence of the deceased was not even suggested.

Further elaboration of the questions involved in the assignments of error is unnecessary. We find nothing in either of them that would justify a reversal or modification of the judgment.

Judgment affirmed.