JAMES HEBERT *vs.* PORTLAND RAILROAD COMPANY.

Cumberland.   Opinion December 18, 1907.

*Common Carriers of Passengers.   Employee may be a Passenger.   Payment of Fare.
Negligence.   Pleadings.   General Allegations.*

1.  Where the assigned place of work of an employee of a street railroad com-
    pany is at a distance from his home, he may, notwithstanding such
    employment, be a passenger with the rights of a passenger while riding in
    the cars of the company from his home to his assigned place of work.

2.  Such employee so situated is a passenger while riding on a regular street
    car of the company from his home to his assigned place of work, if he so
    rides of his own volition and not by the direction of the company and
    pays his fare in coupons for fare issued to him by the company as a part
    of his wages.

3.  In an action by a passenger against a street railroad company for injuries
    received through a derailment of the car, it is sufficient to allege generally
    that such derailment was caused by the negligence of the company or its
    servants without more particular specification.

On exceptions by defendant.   Overruled.

Action on the case to recover damages for personal injuries sus-
tained by the plaintiff caused by the alleged negligence of the
defendant company while transporting the plaintiff on one of its
street railroad cars.

The action was brought in the Supreme Judicial Court, Cumber-
land County, and was entered at the April term, 1906, of said
court.   At the same term, the defendant filed a special demurrer to
the declaration.   At a subsequent term, the demurrer was sustained
and the plaintiff was allowed to file an amended declaration.   The
defendant then filed a special demurrer to the amended declaration.
Upon hearing, the amended declaration was adjudged good and the
demurrer thereto overruled.   The defendant then excepted.

The amended declaration was as follows :

"In a plea of the case, for that for a long time prior to the
twenty-eighth day of June A. D., 1905, and up to the date of this
writ the defendant corporation was the owner of and operated a
certain street railroad running from the city of Westbrook in said
county to the city of Portland in said county, with numerous

branches connecting with said railroad and running to other points in said county, and were and are a common carrier of passengers.

"That one of defendant's branch lines runs to Riverton in said county and connects with its line running between Westbrook and Portland at a place known as Highland Square in said Portland, that the plaintiff lived at said Westbrook and was employed by defendant as a laborer at said Portland; that on said twenty-eighth day of June he took one of defendant's cars at said Westbrook to be transported to Woodfords, a point in said Portland upon defendant's line beyond said Highland Square from said Westbrook. That he gave to the conductor in charge of said car a coupon ticket, which he had received from said defendant corporation and for which he had paid a valuable consideration to said defendant and which entitled him to a passage over said defendant road in said car from Westbrook to said Woodfords, whereby it became and was the duty of defendant to convey said plaintiff safely to his destination at said Woodfords without injury or damage to him.

"That while on said car and while being so conveyed and while he was in the exercise of proper care and without fault on his part, when said car arrived at said Highland Square, because of the carelessness and negligence of said defendant corporation and because of the unsound condition of its tracks over which said car was operated said car in which said plaintiff was then traveling was suddenly and violently derailed and came to a very sudden stop, and said car was derailed as aforesaid by reason of a defect in the ways, works and machinery of defendant which arose from or had not been discovered or remedied owing to the neglect or want of care of some person in the employ of said defendant and entrusted by it with the duty of seeing that the ways, works and machinery were in proper condition, and that plaintiff had no knowledge of the dangerous conditon, of the ways, works and machinery of defendant. And the plaintiff was thereby violently and with great force thrown from said car and was thereby seriously injured, receiving serious and dangerous bruises to his back, limbs and to other parts of his body : and was thereby severely wrenched strained and injured internally and received serious injuries to his spine.

"That by reason of said injuries, plaintiff was wholly disabled from all manual labor and said disabilities have continued until the present time and said injuries are permanent; in consequence of said injuries plaintiff has suffered great pain both of body and mind and has been put to great expense for the necessary medical attendance and medicine.

"And plaintiff avers that said injuries were caused wholly by the carelessness and negligence of said defendant and without fault on his part.

## "Second Count.

"For a long time prior to the twenty-eighth day of June A. D. 1905, and up to the date of this writ the defendant corporation was the owner of and operated a certain street railroad, running from the city of Westbrook in said county to the city of Portland in said county with numerous branches connecting with said railroad and running to other points in said county, and were and are a common carrier of passengers, that plaintiff had for some years prior to the said twenty-eighth day of June been employed by said defendant as a greaser and that some months prior to said twenty-eighth day of June, his work being then on a branch of said defendant's line running from Woodfords in said Portland through Morrill's Corner in said Portland, he traveled over defendant's line from said Westbrook to said Woodfords, paying his fare in cash, at which time he notified defendant that the expense of his transportation to his work was so great that he could not afford to work for said defendant at the wages he was then receiving, that thereupon defendant promised and agreed with plaintiff, if he would continue in its employ at the same place at the same rate of wages it would furnish him transportation from said Westbrook to said Woodfords. And in consideration of said increase in pay by the addition of transportation, plaintiff entered into such agreement with defendant, whereupon and as a part consideration for his continuing in its employ, the defendant issued and delivered to plaintiff a book of coupons, each coupon entitling him to a passage on defendant's cars between Westbrook and Woodfords, that on said twenty-eighth day of June, A. D. 1905 plaintiff took defend-

ant's car at Westbrook to be transported on said car to Woodfords and on entering said car he gave to the conductor in charge of said car one of said coupons and which entitled him to a passage over defendant's road in said car from said Westbrook to said Woodfords whereby it became and was the duty of said defendant to convey the plaintiff safely to his destination at said Woodfords without injury or damage to him.

"That while on said car and while being so conveyed and while he was in the exercise of proper care and without fault on his part, when said car arrived at said Highland Square because of the carelessness and negligence of said defendant because of the unsound condition of the tracks over which said car was operated said car in which said plaintiff was traveling was suddenly and violently derailed and came to a very sudden stop and caused the plaintiff to be violently and with great force thrown from said car and he was thereby seriously injured receiving serious and dangerous bruises to his back, limbs and to other parts of his body and was thereby seriously wrenched, strained and injured internally and received serious injuries to his spine.

"That by reason of said injuries plaintiff was wholly disabled from all manual labor and said disabilities have continued till the present time and said injuries are permanent in consequence of said injuries plaintiff has suffered great pain both of body and mind and has been put to great expense for necessary medical attendance and medicine.

"Plaintiff avers that said injuries were caused wholly by the carelessness and negligence of said defendant and without fault on his part."

The special demurrer to the amended declaration alleged that the amended declaration was insufficient for the following reasons:

"First.   Because the plaintiff in the first count of said declaration alleges that he was employed by the defendant, but does not allege in said count whether or not he was acting in the employ of defendant at the time of the alleged accident.

"Second.   Because the first count of said declaration is uncertain, doubtful, ambiguous and repugnant, and does not apprise the

defendant in what capacity the plaintiff was on the car of defendant at the time of the alleged accident, whether as a servant of defendant, or as a passenger for hire ; in that the plaintiff alleges in said count that he was in the employ of the defendant and yet the plaintiff further alleges in said count that the defendant is a common carrier of passengers, that the plaintiff gave to the defendant's conductor a ticket for which said plaintiff had paid a valuable consideration, that said ticket entitled him to a passage over defendant's railroad for a specified distance, viz : from Westbrook to Woodfords, and that it thereby became defendant's duty to carry him safely to said Woodfords.

"Third. Because in the first count of said declaration the plaintiff does not allege or set forth facts sufficient to apprise the defendant at the time of the alleged accident, whether as servant of the defendant or as passenger for hire, or in some other capacity.

"Fourth. Because the legal duty of the defendant towards the plaintiff set forth in said first count is neither the duty of a common carrier to a passenger for hire nor that of a master to its servant ; in that said count alleges that the plaintiff took passage upon the defendant's car and that 'it became and was the duty of defendant to convey said plaintiff safely to his destination at said Woodfords without injury or damage to him.'

"Fifth. Because in the first count of said declaration the plaintiff alleges that he was injured because of the carelessness and negligence of the defendant and because of the unsound condition of its tracks and by reason of a defect in its ways, works and machinery ; and yet the plaintiff does not set forth or allege how or in what particular the defendant was careless or negligent and how or in what particular said tracks were unsound or said ways, works and machinery were defective.

"Sixth. Because the plaintiff in the second count of said declaration alleges that he was employed by the defendant, but does not allege in said count whether or not he was acting in the employ of defendant at the time of the alleged accident.

"Seventh. Because the second count of said declaration is uncertain, doubtful, ambiguous and repugnant and does not apprise

the defendant in what capacity the plaintiff was on the car of the defendant at the time of the alleged accident, whether as a servant of defendant, or as a passenger for hire; in that the plaintiff alleges in said count that he was in the employ of the defendant and yet the plaintiff further alleges in said count that the defendant is a common carrier of passengers, that the plaintiff gave to the defendant's conductor a ticket for which said defendant had paid a valuable consideration, that said ticket entitled him to a passage over defendant's railroad for a specified distance, viz: from Westbrook to Woodfords, and that it thereby became defendant's duty to carry him safely to said Woodfords.

"Eighth. Because in the second count of said declaration the plaintiff does not allege or set forth facts sufficient to apprise the defendant in what capacity the plaintiff was on the car of the defendant at the time of the alleged accident, whether as servant of the defendant or as a passenger for hire, or in some other capacity.

"Ninth. Because the legal duty of the defendant toward the plaintiff set forth in said second count is neither the duty of a common carrier to a passenger for hire nor that of a master to its servant; in that said count alleges that the plaintiff took passage upon the defendant's car and that 'it became and was the duty of defendant to convey said plaintiff safely to his destination at said Woodfords without injury or damage to him.'

"Tenth. Because in the second count of said declaration the plaintiff alleges that he was injured because of the carelessness and negligence of said defendant and because of the unsound condition of its tracks; and yet the plaintiff does not set forth or allege how or in what particular the defendant was careless or negligent, and how or in what particular said tracks were unsound."

*Frank P. Pride and John O. Winship*, for plaintiff.
*Libby, Robinson & Ives*, for defendant.

SITTING: EMERY, C. J., STROUT, PEABODY, CORNISH, KING, JJ.

EMERY, C. J. On exceptions to the overruling a demurrer to the declaration. The case stated in the declaration is substantially

this: — The defendant company was a common carrier of passengers and as such was owning and operating a street railroad in Westbrook and Portland and between the two cities. The plaintiff was in the employ of the company as a "greaser." He lived in Westbrook but his assigned place of work was at a point in Portland. In addition to his cash wages the company gave him tickets good for passage upon its railroad between his residence in Westbrook and his place of labor in Portland. One day the plaintiff boarded a regular street car of the defendant company at Westbrook for passage to his place of work in Portland, and for such passage gave up to the conductor one of the tickets given him by the company as above stated. While thus upon the car and himself in the exercise of due care and before reaching his destination he was injured by the sudden derailment of the car through the fault of the company in not maintaining its track, way, works and machinery in safe condition.

The defendant company claims that the declaration is insufficient in that it does not contain enough to show what was the relation between the parties and the consequent duty of the one to the other at the time of the injury. We think it clear, however, that upon the statements in the declaration, the plaintiff at the time of his injury was a passenger with the rights of a passenger against a common carrier.

In a sense of course, in the popular sense of the term, the plaintiff was in the defendant's employ. There was between them a then existing contract, implied at least, by which he was to render certain services to the company from day to day; but his work, his then assigned post of duty, was in Portland and not in Westbrook where he boarded the car, nor upon the line of the road between his residence and his place of work. It is to be assumed that he was to report each working day at a given hour at his assigned post of duty in Portland and that during the working hours of each such day he was under the company's orders within the line of his employment. It is also to be assumed that outside those hours and while going to and from his work he was under his own direction. It is not a case where the railroad company directs a servant to proceed on its cars

from one place to another in the prosecution of his work, nor is it a case where a servant of a railroad company is riding on its cars in the prosecution of his work during hours of work. In the case stated the plaintiff selected his own means of transportation. It was no concern of the company how he got to his work, if he got there. In availing himself of the company's railroad to get to his work he was acting in his own interest and of his own volition. He was not working for the company in thus riding on its railroads. The company did not pay him for so riding; he paid the company for his ride.

True, the plaintiff paid his fare by a ticket given him by the company for that ride, but he paid for the ticket by his services. It was a part of his wages and delivered to him as such. It could make no difference in his status as a passenger whether he paid his fare in cash or in tickets thus earned.

We find that several courts in other jurisdictions have held the contrary of our decision of this question. Some of these contrary decisions seem to be based upon the circumstance that the plaintiff was riding on his way to his work, and not riding home, or to his luncheon or elsewhere. We cannot see any difference in principle. He was as much his own man while riding to his work, as in riding from it. So far as we can learn, however, the precise question here has never been decided by this court, and hence we are free to follow what we think the better reason. Moreover, our contention is supported by respectable authority. *Doyle* v. *Fitchburg R. R. Co.*, 162 Mass. 66; *Same* v. *Same*, 166 Mass. 492; *Dickinson* v. *West End St. Ry. Co.*, 177 Mass. 365; *L. & N. R. R. Co.* v. *Weaver*, 22 Ky. L. Rep. 30, 50 L. R. A. 381; *Gillenwater* v. *M. & T. R. R. Co.*, 5 Ind. 339, 61 Am. Dec. 101; *N. Y., L. E. & W. R. R. Co.* v. *Burns*, 51 N. J. L. 340; *O'Donnel* v. *Valley R. R. Co.*, 59 Pa. St. 239; *McNulty* v. *Penn. R. R. Co.*, 38 At. Rep. 524, 182 Pa. 479.

But the defendant further claims that, even if the declaration does state a case of injury to a passenger, it does not set out with sufficient particularity wherein the defendant company was negligent, though it does charge that the injury resulted from a derailment of the car

through the defendant company's negligence. In actions of this kind where the relation between the parties is that of passenger and carrier a general allegation of negligence on the part of the company is sufficient without particular specification. *Ware* v. *Gay*, 11 Pick. 106; *Clark* v. *C. B. & Q. R. R. Co.*, 15 Fed. 588; *Lavis* v. *Wisconsin Cent. R. R. Co.*, 54 Ill. App. 636; *Breese* v. *Trenton R. R. Co.*, 52 N. J. L. 250; *Gulf C. & S. F. R. R. Co.* v. *Smith*, 74 Tex. 276. It is not ordinarily within the power of the passenger to specify in what particular the carrier was negligent. Again, while the plaintiff passenger must allege and prove negligence of the carrier as the cause of his injury he does allege and prove it in this case by alleging and proving (if he does prove it) the derailment of the car and his consequent hurt. The negligence of the company is to be presumed from that circumstance alone and it will be for the company to rebut that presumption by showing that the derailment of the car did not result from any negligence on its part. "Cars can ordinarily be run with safety, and when they are not, that fact itself is evidence of. fault or defect somewhere, requiring an explanation. The maxim res ipsa loquitur applies in such a case." *Stevens* v. *E. & N. A. R.*, 66 Maine, 74. The general allegation of negligence in this declaration is sufficient.

It follows that the exceptions should be overruled. We have. of course examined every case cited by the defendant, but those cited from our own reports will be found not applicable to a case like this, an action for an injury caused by the derailment of a street car to one riding on the car.

*Exceptions overruled.*