WILLIAMS, Respondent, v. UNION SWITCH & SIGNAL COMPANY, Appellant.

(170 N. W. 145)

(File No. 4387.  Opinion filed December 31, 1918.)

1.  **Carriers—Master and Servant—Negligence of Fellow Servant—Vice-Principal—"Passengers"—Former Appeal—Law of Case.**

The propositions of law now presented being the same as presented on former appeal wherein all propositions were fully determined, the decision on that appeal becomes the law of the case; and upon issues submitted to jury upon conflicting evidence and under unquestioned instructions, the verdict of the jury is final.

2.  **Appeal—Error—Former Appeal Determinative of Issues—Whether Appeal Frivolous—Costs for Delay.**

While the sole purpose of the present appeal was to persuade the Court to overrule itself on the same questions determined on former appeal, which effort was unavailing, yet the present appeal held not frivolous, and motion to assess 10% of amount of judgment as costs is denied.

Appeal from Circuit Court, Brown County.  HON. THOMAS L. BOUCK, Judge.

Action by S. W. Williams, against the Union Switch & Signal Company, a corporation, to recover damages for defendant's negligence.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Harkin, Crane & Noll,* for Appellant.

*Campbell, Walton & Campbell,* and *Frank McNulty,* for Respondent.

POLLEY, J.  This cause was before us on a former appeal and is reported in 37 S. D. 423, 158 N. W. 901.  Upon a retrial of the case, the same pleadings were used and the evidence on behalf of both parties was practically identical with the evidence that was presented at the first trial.  The case was submitted to the jury, with the result that plaintiff had a verdict.  From the

judgment entered upon said verdict and an order denying its motion for new trial, defendant appeals.

[1] The propositions of law that are presented on this appeal are the same that were presented upon the former appeal. Such propositions were all considered and fully determined on that appeal. The decision on that appeal then became the law of the case, and, the issues having been submitted to the jury upon conflicting evidence and under instructions of the court that are not questioned by appellant, the verdict of the jury is final.

There can be no other purpose in this appeal than to persuade this court to overrule itself on the same questions that were determined on the former appeal. After a careful re-examination of these questions, we are unable to find any reason for changing or receding from our former opinion.

[2] However, we do not agree with respondent that the appeal is frivolous, and his motion to assess 10 per cent. of the amount of the judgment against appellant as costs is denied.

The judgment and order appealed from are affirmed.

WHITING, P. J., and GATES, J., dissent for the reasons given in the dissenting opinion upon the former appeal.